**ALLSTATE INSURANCE COMPANY, a Corporation, Plaintiff,**

v.

**William F. AUSTIN, Chief Insurance Commissioner of South Carolina, as Receiver for Guaranty Insurance Exchange of Kansas City, Missouri, a Corporation, Roy Dalton and Stewart F. Thacker, Defendants.**

Civ. A. No. 4012.

United States District Court
W. D. South Carolina,
Greenville Division.

Jan. 14, 1964.

W. Francis Marion and Donald L. Ferguson, Greenville, S. C., for plaintiff.

William H. Smith, Jr., Gen. Counsel, S. C. Insurance Commission, J. Monroe Fulmer, Fulmer, Barnes & Berry, Columbia, S. C., for defendant William F. Austin, Chief Ins. Com'r.

James J. Raman, Spartanburg, S. C., for defendant Roy Dalton.

Jas. P. Brown and J. Anthony Brown, Knoxville, Tenn., J. Wiley Brown, Greenville, S. C., for defendant Stewart F. Thacker.

WYCHE, District Judge.

This is an action under the Declaratory Judgments Act, 28 U.S.C.A. § 2201, in which the plaintiff seeks a determination of whether or not on March 31, 1961, the defendant Guaranty Insurance Exchange of Kansas City, Missouri, had in force and effect a valid automobile liability insurance policy issued to Roy Dalton covering his 1949 Plymouth, 4-door, Motor No. P18–121486. The plaintiff Allstate Insurance Company has an automobile insurance policy on the defendant Thacker's automobile which was involved in an accident with Roy Dalton's 1949 Plymouth near Landrum, South Carolina, on March 31, 1961, which policy has the standard uninsured motorist provision.

By agreement of counsel the sole question tried before me was whether on March 31, 1961, the defendant Guaranty Insurance Exchange of Kansas City, Missouri, had in force and effect a valid automobile liability insurance policy insuring Roy Dalton's 1949 Plymouth. It was agreed that if this company did have such a policy in effect there would be no coverage under the Allstate uninsured motorist provision of Stewart F. Thacker's policy.

In compliance with Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon as follows:

## FINDINGS OF FACT

1. In December, 1960, C. C. Cothran, Jr. of the Cothran Insurance Agency of Greenwood, South Carolina, insured a 1953 Plymouth owned by the defendant Roy Dalton. This policy was written by the First Citizens Fire and Casualty Company. A portion of the premium was paid in cash by Dalton and the balance borrowed from the County Bank of Greenwood. The note to the County Bank of Greenwood was signed by Roy Dalton and indorsed by C. C. Cothran, Jr. This company either declined to issue the policy or cancelled it for the reason that Roy Dalton was constantly traveling throughout the southeast.

2. The Cothran Insurance Agency then placed the coverage with the Guaranty Insurance Exchange on January 6, 1961, and Dalton was given a certificate of insurance. Dalton at this time paid an additional premium and was given credit for the refund on the policy with the First Citizens Fire and Casualty Company.

3. The Guaranty Insurance Exchange was paid in full its premium on Policy No. GA762163, in the amount of Fifty Two and 00/100 ($52.00) Dollars, as shown by payment records of the insurance agency and supported by the testimony of the witnesses. The automobile liability daily report is evidence of an automobile liability policy in the amount of the standard 10–20–5, effective for one year from January 6, 1961, insuring a 1953 Plymouth owned by Roy Dalton.

4. At the time this policy was issued Dalton gave Cothran a card which showed his permanent address as "Citizens Training Service, Inc., P. O. Box 2066, Danville, Virginia".

5. On January 30, 1961, the liability daily report of Guaranty Insurance Exchange was indorsed to cover a 1949 Plymouth, Motor No. P18–121486 and eliminating a 1953 Plymouth. This automobile while being driven by Dalton was involved in an accident on March 31, 1961, near Landrum, South Carolina, with an automobile driven and owned by Stewart F. Thacker.

6. Under the note given to the County Bank of Greenwood Dalton was to make payments by the eleventh day of the month of Seven and 00/100 ($7.00) Dollars, per month for five consecutive months.

7. Dalton mailed in these payments for February and March, 1961, on or before the eleventh of the month.

8. The agent C. C. Cothran, Jr. knew that Roy Dalton was not a permanent resident of the Oregon Hotel, Greenwood, South Carolina, and knew that Dalton traveled throughout the southeast.

9. On March 1, 1961, Cothran Insurance Agency wrote Roy Dalton at the Oregon Hotel, Greenwood, South Carolina, advising him that his insurance was cancelled as of March 11, 1961, for nonpayment of premium, which letter was never received by Dalton.

10. On March 7, 1961, the Cothran Insurance Agency received a postal money order from Roy Dalton for Seven and 00/100 ($7.00) Dollars. On this same date, the agency mailed the following letter to Roy Dalton at Post Office Box 2210, Danville, Virginia: "We received your letter and money order today and we thank you. To keep your insurance in force we will have to have $19.00 more, as you have $7.00 credit and the total policy for 6 months will cost $26.00. Will you please forward the above amount or let us know if you want your refund of $7.00 refunded." Dalton did not receive this letter. The Seven and 00/100 ($7.00) Dollar, payment was retained by the Cothran Insurance Agency until April, 1961.

11. On April 2, 1961, Dalton notified the Cothran Insurance Agency that he had been involved in an accident on March 31, 1961, near Landrum, South Carolina. Subsequently, Dalton received a letter from Cothran Insurance Agency dated April 3, 1961, returning the Seven and 00/100 ($7.00) Dollars, paid on March 7, 1961.

12. In the accident which occurred on March 31, 1961, near Landrum, South Carolina, the defendant Stewart F. Thacker was injured and his automobile was damaged. His wife Elsie Thacker, who was in his car, sustained injuries as a result of which she subsequently died. Mary Jane Warwick and James Warwick who were also passengers in Thacker's automobile, received injuries.

13. The monthly payments were obligations of Roy Dalton's to the County Bank of Greenwood and were not any part of the insurance premium.

14. All exhibits objected to at the hearing before me have been considered evidence in the case.

## CONCLUSIONS OF LAW AND OPINION

1. Under the facts of this case the Guaranty Insurance Exchange had been paid in full its premium for Policy No. GA762163 and for this reason did not have a right to cancel the policy for nonpayment of premium. The agency's records as well as the testimony of Roy Dalton and C. C. Cothran, Jr. of the

Cothran Insurance Agency, is to this effect. While C. C. Cothran, Jr. may have indorsed Dalton's note to the County Bank of Greenwood, it cannot be said that Dalton is indebted to the Guaranty Insurance Exchange. Dalton's obligation in this regard was to the bank and of no concern of the Guaranty Insurance Exchange. As was said in Maryland Casualty Company v. Conner, D.C., 200 F.Supp. 647 (1961), "Where full amount of premium on automobile liability policy is paid to insurer by the finance company at the time of delivery of policy to insured, insurer had no interest in installment payments made by insured to finance company. Crotts v. Fletcher Motor Co., 219 S.C. 204, 64 S.E.2d 540. In this case the annual premium had been paid in full to the plaintiff; the monthly payments to Palmetto by Conner were payments on his obligation to Palmetto and were in no part insurance premiums. McElmurray v. American Fidelity Fire Ins. Co., 236 S.C. 195, 113 S.E.2d 528." In the case at bar Guaranty Insurance Exchange had no right to attempt to cancel the policy for nonpayment of premium.

■ 2. Furthermore, I am of the opinion that even if there had been an agreement between the agent and Dalton to cancel the policy upon any default of installment payment, that such an agreement would be void and unenforceable as against public policy. There is no provision in the insurance contract that gives any authority for the execution of a side agreement by the insurance agent. Therefore, any agreement made would change the express provision of the policy and would be in derogation of the State laws of the State of South Carolina, to wit: Section 37–147, Code of Laws of South Carolina 1962, which provides: " * * * Nor shall any such company or agent thereof or any insurance broker make any contract of insurance or agreement as to such contract other than as plainly expressed in the policy issued thereon. * * *" and, Section 46–750.-20(6), which provides: "The policy, the written application therefor, if any, and any rider or endorsement which does not conflict with the provisions of this chapter shall constitute the entire contract between the parties."

■■ 3. Even if the insurance company had the right to cancel for nonpayment of premium there is no showing of the authority of the agent to issue a cancellation notice on behalf of the company. There is nothing in the record before me that reflects that the Guaranty Insurance Exchange had authorized its agent Cothran to cancel an insurance contract on behalf of the company. " 'Neither a mere soliciting agent nor a broker who procured the policy for insured has any implied authority to cancel the policy on behalf of insurer.' 45, C.J.S. Insurance § 447, page 82."

■ 4. The cancellation notice in this instance would have not been effective in any regard as it was not mailed to the last known address of Roy Dalton. C. C. Cothran, Jr., the agent, knew that Dalton traveled over the southeast and did not live at the Oregon Hotel. Dalton advised the agent at the time the insurance daily report was issued to him that his permanent address was "Citizens Training Service, Inc., P. O. Box 2066, Danville, Virginia". In order for the cancellation notice to have been effective it should have been mailed to the above address in Danville, Virginia, rather than to the Oregon Hotel, as was done. See, Railway Mail Ass'n v. Moore, 15. F.2d 547 (C.A. 4, 1926).

For the foregoing reasons I conclude that the plaintiff is entitled to the relief demanded. I am of the opinion that the policy of insurance of the Guaranty Insurance Exchange had not been cancelled as of March 31, 1961, and that at that time it was in full force and effect. The plaintiff Allstate Insurance Company is, therefore, not under any duty or obligation to appear and defend any suits arising out of the accident which occurred on March 31, 1961, on behalf of Roy Dalton, or to assume any liability for his acts under the uninsured motorist provision of its policy No. 25496180

issued to Stewart F. Thacker. I am of the further opinion that the 1949 Plymouth automobile owned and operated by Roy Dalton was not covered by the policy of insurance issued by Allstate Insurance Company to the defendant Stewart F. Thacker, but is covered by the policy of insurance issued by the defendant Guaranty Insurance Exchange of Kansas City, Missouri, to the defendant Roy Dalton.

It is, therefore, ordered, that the prayer of the complaint of the plaintiff Allstate Insurance Company be and the same is hereby granted.